CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 30 2006

JOHN F. CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SUSAN H. GRAVELY, | ) | CASE NO. 4:05CV00053 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This *pro se* challenge to a final decision of the Commissioner which denied plaintiff's July 11, 2003 claim for supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 40 years old with a high school education and one year of business college and with past relevant work as a telephone answering person for an answering service, had not engaged in substantial gainful activity since her alleged date of disability onset, February 1, 1992. (R. 16-17, 21.) The Law Judge further found that plaintiff suffered with scoliosis of the spine and related back pain, as well as asthma,

which he found to be severe impairments, though not severe enough to meet or equal any listed impairment. (R. 17-18, 21.) The Law Judge acknowledged that plaintiff had been treated for social anxiety and depression but that since she stopped drinking in 2001, these conditions placed no more than minimal limitations on her functional capabilities. (R. 17.) The Law Judge found plaintiff's alcoholism to be in total remission and concluded that her depression and anxiety did not cause more than minimal effects on her ability to function and, therefore, were not severe. (R. 17, 21.) Finding that while plaintiff's allegations about her back pain and asthma were "generally credible and consistent with her impairments," the Law Judge determined that she possessed the residual functional capacity to perform sedentary work in a clean environment where she could alternately sit/stand and where she was not required to lift more than 10 pounds. (R. 20-21.) Relying on the record, the state agency medical consultants, and plaintiff's allegations, the Law Judge found plaintiff able to perform her past relevant work and, thus, not disabled. (*Id.*)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons plaintiff advanced on appeal, to review the Law Judge's decision. (R. 7-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This *pro se* action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and

416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

While the case has been on judicial review, plaintiff submitted additional evidence for consideration by forwarding same to the United States Attorney, who then forwarded it to the court. (Dkt Nos. 15, 16.) While some appears cumulative, there is a report dated March 21, 2006, from Leon Grigoryev, M.D., of the Regional Physical Medicine and Rehabilitation Center, which assesses plaintiff's functional capacity, an assessment that was considered neither by the VE at the hearing or the Law Judge in deciding the case. (Dkt. No. 15, Ex. C.) Plaintiff refers to this evidence in the brief she filed on May 9, 2006, and she asks that it be considered as new evidence because she was not able to secure the evidence until she was given the funds to advance to the physician. (Pl's May 9, 2006 Letter Brief at 2.)

It is the undersigned's view that the evidence offered on judicial review is both new and material. To the extent one might not consider it new, it nonetheless was not available to the plaintiff because of her indigency. It is relevant because it addresses mental limitations on plaintiff's functional capacity, and it is material because the VE didn't have an opportunity to weigh it in assessing the availability of work in her past relevant work category nor did the Law Judge have the opportunity to assess its weight. Both are functions to be performed at the administrative level, not on judicial review.

The undersigned finds "good cause" to remand the case to the Commissioner for further proceedings in which she may adequately assess the most recent evidence, or any other evidence which the parties may produce, relevant to plaintiff's functional capacity and her ability to

3

perform either her past relevant work or any substantial gainful activity. *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985); *Cox v. Heckler*, 770 F.2d 411 (4th Cir. 1985); *Brock v. Heckler*, 807 F. Supp. 1248 (S.D.W.Va. 1992). Accordingly, it is RECOMMENDED that an order enter REMANDING the case for further proceedings. The order should provide that in the event the Commissioner is unable to grant benefits on the current record, she forthwith is to recommit the case to a Law Judge to conduct supplemental proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

5/30/06
Date

4